FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2009 DEC 18  A 10: 03

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| MARIA V. F. SUNGA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )    Civil Action No. 1:09CV 1386 |
| | )    (CMH/JFA) |
| REES BROOME, P.C., | ) |
| 8133 Leesburg Pike | ) |
| Ninth Floor | ) |
| Vienna, VA  22182-2706, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Maria V.F. Sunga ("Sunga"), by her undersigned counsel, brings this action against Defendant Rees Broome, P.C., and for her complaint in this action states as follows:

1.    This Court has jurisdiction of this case under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

2.    Plaintiff Sunga (an individual) is a resident of the City of Alexandria, Virginia, as she was at the time of Defendant's actions as alleged herein.

3.    Defendant is a corporation which purports to operate as a law firm with its office at 8133 Leesburg Pike, Ninth Floor, in Vienna, Virginia.

4.    Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers to pay money arising out of transactions in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

5.      Defendant regularly uses the mails and other instrumentalities of interstate commerce in its collection of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

6.      On or about December 18, 2008, Defendant sent to Sunga a warrant in debt for what it later filed on December 22, 2008 as civil action GV08-7987 in the General District Court for the City of Alexandria.

7.      A true and correct copy of pertinent portions of the warrant in debt is attached hereto as Exhibit A.

8.      The debt that Defendant sought to collect from Sunga through the warrant in debt that it sent to Sunga was a consumer debt in the form of homeowners' association dues that Sunga allegedly owed to Canterbury Square Condominium Unit Owners Association ("Canterbury HOA") for the condominium unit that she owned.

## COUNT I
### 15 U.S.C. §1692e

9.      Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 8 as if the same were fully set forth herein.

10.     The statement of account attached to the warrant in debt falsely states that $424.00 was due on September 1, 2008, when in fact only $408.00 was due on that date.

11.     The statement of account attached to the warrant in debt falsely states that interest of $2.57 was due on August 13, 2008, $2.84 was due on September 12, 2008, $2.84 was due on October 15, 2008, $2.84 was due on November 15, 2009, and $2.84 was due on December 15, 2008 when these amounts in fact were not due on those dates.

-2-

12.     The statement of account attached to the warrant in debt falsely states that Plaintiff owed a $25.00 attorney turnover fee when in fact she owed no such fee.

COUNT II
15 U.S.C. §1692f

13.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 12 as if the same were fully set forth herein.

14.     The inclusion in the statement of account of an assessment in the amount of $424.00 for September 1, 2008 and an attorney turnover fee of $25.00 represented the collection of an amount neither expressly authorized by the agreement creating the debt nor permitted by law since Plaintiff did not owe $424.00 on September 1, 2008 or an attorney turnover fee of $25.00 dollars under either the bylaws of the condominium association or any applicable law.

COUNT III
15 U.S.C. §1692e

15.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 14 as if the same were fully set forth herein.

16.     The statement in the affidavit attached to the warrant in debt states that Plaintiff owed the sum of $6,082.53 when in fact Plaintiff did not owe that amount at the time Defendant filed the warrant in debt and served it on Plaintiff.

17.     Plaintiff did not owe $6,082.53 that Defendant stated she owed because she did not owe the amount of assessments included in that figure, the amount of interest included in that figure, or the attorney turnover fee included in that figure.

18.     The affidavit also states that Plaintiff owed 8 per cent interest on $6,082.53 from August 1, 2008 to the date of judgment.

-3-

19.    This statement is false because Plaintiff did not owe $6,082.53 on August 1, 2008 and the amount of $6,082.53 already included interest.

## COUNT IV
### 15 U.S.C. §1692f

20.    Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 19 as if the same were fully set forth herein.

21.    The statement in the affidavit attached to the warrant in debt that Plaintiff owed the sum of $6,082.53 at the time of the filing of the warrant in debt represented the collection of an amount neither expressly authorized by the agreement creating the debt nor permitted by law since Plaintiff did not owe the assessments in the amount included in that figure or an attorney turnover fee in the amount included in that figure either the bylaws of the condominium association or any applicable law.

22.    The statement in the affidavit attached to the warrant in debt that Plaintiff owed interest on the sum of $6,082.53 from August 1, 2008 to the date of judgment represented the collection of an amount neither expressly authorized by the agreement creating the debt nor permitted by law since Plaintiff did not owe interest on $6,082.53 because that amount included interest and the bylaws of the condominium association provide only for interest on the principal amount unpaid.

## COUNT V
### 15 U.S.C. §1692e

23.    Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 22 as if the same were fully set forth herein.

-4-

24.    The warrant in debt falsely states that Plaintiff owed the sum of $6,082.53 as of December 16, 2008 when in fact Plaintiff did not owe that amount at the time.

25.    The warrant in debt also falsely states that Plaintiff owed 8 per cent interest on $6,082.53 from August 1, 2008, when in fact Plaintiff did not owe interest on that amount from August 1, 2008.

COUNT VI
15 U.S.C. §1692f

26.    Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 25 as if the same were fully set forth herein.

27.    The statement in the warrant in debt that Plaintiff owed the sum of $6,082.53 at the time of the filing of the warrant in debt represented the collection of an amount neither expressly authorized by the agreement creating the debt nor permitted by law since Plaintiff did not owe the assessments in the amount included in that figure or an attorney turnover fee in the amount included in that figure either the bylaws of the condominium association or any applicable law.

28.    The statement in the warrant in debt that Plaintiff owed interest on the sum of $6,082.53 from August 1, 2008 to the date of judgment represented the collection of an amount neither expressly authorized by the agreement creating the debt nor permitted by law since Plaintiff did not owe interest on $6,082.53 because that amount included interest and the bylaws of the condominium association provide only for interest on the principal amount unpaid.

-5-

## COUNT VII
### 15 U.S.C. §§ 1692e

29.    Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 28 as if the same were fully set forth herein.

30.    The warrant in debt falsely states that the homestead exemption cannot be demanded when in fact Plaintiff had the right to that exemption.

WHEREFORE, Plaintiff prays for damages in the amount of $25,000.00 (twenty five thousand dollars), including actual and statutory damages, plus her reasonable attorney's fees incurred in this action, together with pre-judgment interest and the costs of this action.

MARIA V.F. SUNGA
By Counsel

Ernest P. Francis
VSB #27276
ERNEST P. FRANCIS, LTD.
1655 North Fort Myer Drive
Suite 700
Arlington, VA 22209
(703) 683-5696
Fax (703) 683-2785
E-mail: epfrancisltd@verizon.net

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues herein.

Ernest P. Francis

_____
Ernest P. Francis